# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CHS, Inc.,

      Plaintiff,

          Civ. No. 10-94 (RHK/FLN)
          **ORDER**

v.

PetroNet, LLC, and Chelsea Consulting, Inc.,

      Defendants.

---

   Plaintiff CHS, Inc. ("CHS") alleges in this action that Defendants have misappropriated its trade secrets and infringed its copyrights. On September 23, 2010, it moved for a preliminary injunction enjoining Defendants' conduct; its Motion is scheduled to be heard by the Court on November 10, 2010. On November 8, 2010, CHS filed with the Court a letter (Doc. No. 115) asking that the courtroom be closed during the Motion hearing, ostensibly to "preserve and protect the confidential and trade secret information at issue in this lawsuit."[1] The Court has been informed that Defendants do not take a position on the request.

   The Court confronts CHS's request with some reluctance. The public is presumed to enjoy access to all court proceedings, and only exceptional circumstances warrant departure from that hoary principle. E.g., In re Iowa Freedom of Info. Council, 724 F.2d 658, 661-63 (8th Cir. 1983). The mere assertion by a party that trade secrets may be disclosed in open court is insufficient to warrant closing the courtroom. See id. at 663. Nevertheless, courts have found that trade-secret protection may be a sufficient reason to warrant departure from the rule of

---

[1] A similar request can be found in CHS's Notice of Motion (Doc. No. 64), although that document was not specifically directed to the Court.

public access to court proceedings.  See, e.g., Level 3 Commc'ns, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572, 577-83 (E.D. Va. 2009) (surveying case law discussing hearings and trials *in camera* where trade secrets were involved).  Balancing these competing interests yields no obvious right or wrong answer here.

The Court believes there is a simple solution to this dilemma, however.  The parties have submitted a plethora of material (under seal) in connection with CHS's Motion, including lengthy briefs and a litany of declarations, affidavits, and exhibits, which the Court has carefully reviewed.  At this juncture, therefore, the proverbial cat has not yet been let out of the bag.  Given the comprehensiveness of the parties' submissions in connection with the Motion, the Court does not believe that oral argument will materially assist its resolution thereof.  Hence, there is an easy way to make sure the cat *stays* in the bag:  deciding the Motion without oral argument.  Accordingly, the Court will cancel the hearing on CHS's Motion, thereby obviating the need to close the courtroom at oral argument and rendering moot the pending request.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the hearing on CHS's Motion for Preliminary Injunction, currently scheduled for November 10, 2010, is **CANCELED**.  The Motion is deemed submitted as of October 29, 2010, the date of CHS's Reply brief.  CHS's request that the Court close the courtroom at the Motion hearing is **DENIED** as moot.


Date:  November 9, 2010

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge